# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| Painters District Council No. 3 Pension Fund, et al., ) | |
| Plaintiffs, ) | |
| vs. ) | No. 04-1079-CV-W-FJG |
| Chicagoland Decorating, Ltd., ) | |
| Defendant. ) | |

## DEFAULT JUDGMENT

Upon the motion of plaintiffs, Painters District Council No. 3 Pension Fund, Painters District Council No. 3 Health and Welfare Fund, Painters District Council No. 3 Apprenticeship, Health and Safety Training Fund, for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

1. Plaintiffs filed their Complaint against the defendant on November 30, 2004 (Doc. #1);

2. Defendant was served through its Registered Agent, Dominic Mancini, by Special Process Server with a copy of the Summons and Complaint at 133 Fuller Road, Hinsdale, Illinois 60521-3520 on February 20, 2005 (Doc. #4), and therefore, the Court has jurisdiction over defendant;

3. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. 185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. 1132, and therefore, the Court has subject matter jurisdiction over the within cause;

4. Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon plaintiffs; and that on March 24, 2005, plaintiffs filed the following pleadings and caused the same to be mailed by certified mail to Dominic J. Mancini, Registered Agent, 133 Fuller Road, Hinsdale, Illinois, 60521-3520:

1

a. Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure) (Doc. #5);

b. Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court (Doc. #6); and

c. Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure (filed as an attachment to Doc. #6).

5. On March 28, 2005, this Court entered an order (Doc. #7) directing defendant to show cause in writing why default judgment should not be entered against it. This Order was mailed by certified mail to Dominic J. Mancini, Registered Agent (Doc. #8, March 30, 2005). To-date, defendant has neither responded to the Complaint nor to the Court's order to show cause why default judgment should not be granted.

Accordingly, it is ORDERED, ADJUDGED and DECREED that judgment by default is entered against defendant, Chicagoland Decorating, Ltd., and in favor of plaintiffs, Painters District Council No. 3 Pension Fund, Painters District Council No. 3 Health and Welfare Fund, Painters District Council No. 3 Apprenticeship, Health and Safety Training Fund and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## COUNT I

1. Defendant is ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **June 15, 2004,** to date.

2. That the plaintiff, Painters District Council No. 3 Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **June 15, 2004,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Painters District Council No. 3 Pension Fund on behalf of employees working under the collective bargaining agreements.

4. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT II

1. Defendant is ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours

worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **June 15, 2004,** to date.

2. That the plaintiff, Painters District Council No. 3 Health and Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **June 15, 2004,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Painters District Council No. 3 Health and Welfare Fund on behalf of employees working under the collective bargaining agreements.

4. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT III

1. Defendant is ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from

4

Case 4:04-cv-01079-FJG    Document 9    Filed 05/20/05    Page 4 of 5

employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **June 15, 2004,** to date.

      2.    That the plaintiff, Painters District Council No. 3 Apprenticeship, Health and Safety Training Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **June 15, 2004,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

      3.    That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Painters District Council No. 3 Apprenticeship, Health and Safety Training Fund on behalf of employees working under the collective bargaining agreements.

      4.    That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

      5.    That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

                                                                     /s/Fernando J. Gaitan, Jr.
                                                                     United States District Judge

Dated:  May 20, 2005
Kansas City, Missouri